UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------
JOHN JAY HUMPHREY,

                              Plaintiff,

    -v.-                                                           5:05-CV-0795

RESCUE MISSION,                                           (NAM)(GJD)

                              Defendant.
--------------------------------------------------------------------------

APPEARANCES:

JOHN HUMPHREY
Plaintiff, *pro se*

NORMAN A. MORDUE, U.S. DISTRICT JUDGE

**DECISION and ORDER**

**I.    Background.**

Presently before this Court is an application to proceed *in forma pauperis* and a civil rights complaint filed by John Humphrey ("plaintiff" or "Humphrey").[1]  Humphrey has not paid any fee relating to this action.

Initially, the Court notes that in a June 23, 2005 Order, in case 5:05-CV-636, Chief Judge Scullin advised plaintiff that:

> Plaintiff did not provide the Court with a mailing address to which it could direct its correspondence to him as Local Rule 10.1(b)(2) requires.  Rather, he lists himself as "homeless." Thus, the Court has referred to a previous case, 5:05-CV-253, that Plaintiff filed and which he characterized as "related" to this one for the last known address that it has on file for Plaintiff and will send a copy of this Order to that address.  **However, the Court warns Plaintiff that, in the future, if he files any additional papers in this, or any other, action, he must provide the Court with his current address or the**

---

[1] Plaintiff has filed five prior actions in this Court.  *See* 5:02-CV-1524, 5:03-CV-1181, 5:04-CV-145, 5:05-CV-253, and 5:05-CV-636.

>   **Court will reject those papers without processing them**. (emphasis added). 5:05-CV-636, Docket No. 3.

Plaintiff filed this action on June 27, 2005 and, again, did not provide the Court with a mailing address. Plaintiff is once again admonished that he must provide the Court with a mailing address when he files an action or papers with this Court or the Clerk of Court will be directed to reject any such filing.

**II.     Plaintiff's Complaint**.

In his *pro se* complaint Humphrey alleges that the defendant required him to remove a shirt that carried an apparently offensive message in order to be able to remain at the Rescue Mission.  Docket No. 1. Plaintiff claims that defendant had violated his First Amendment rights, and brings this action for monetary damages pursuant to 42 U.S.C. §1983.

>   28 U.S.C. § 1915(e), as amended, directs that the Court:
>
>   (2)     [S]hall dismiss the case at any time if the court determines that -
>
>   \*\*\*
>
>   (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  Thus, there is a responsibility on the court to determine whether a complaint may be properly maintained in the District before it may permit a plaintiff to proceed with an action *in forma pauperis*.  *Id.*

Section 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *German v. Fed. Home Loan Mortg. Corp.*, 885 F.Supp. 537, 573 (S.D.N.Y. 1995) (citing

*Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (§ 1983 "is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights.") (citation omitted).

However, parties may not be held liable under this section unless it can be established that they have acted under the color of state law.  *See*, *e.g.*, *Rounseville v. Zahl*, 13 F.3d 625, 628 (2d Cir. 1994) (noting state action requirement under § 1983); *Wise v. Battistoni*, No. 92-CV-4288, 1992 WL 380914 (S.D.N.Y., Dec. 10, 1992) (same) (citations omitted).  It is the duty of the plaintiff to allege state action on the part of the defendants named in a complaint, and a court may dismiss an action under 28 U.S.C. § 1915(e) where a plaintiff fails to plead such a nexus.  *See, e.g.*, *Giannini vs. Pearson et al.*, No. 95-CV-1669, slip op. at 4 (N.D.N.Y.), *appeal dismissed* (2d Cir. Apr. 19, 1996); *Carollo-Gardner v. Diners Club,* 628 F.Supp. 1253, 1256-57 (E.D.N.Y. 1986) (dismissing as frivolous *pro se* complaint where plaintiff failed to allege state action on part of defendants) (citations omitted); *see also DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306, 311 (2d Cir.) (affirming dismissal of complaint where plaintiff failed to include allegations of state action in complaint), *modified on other grounds* 520 F.2d 409 (2d Cir. 1975); *Lawson v. Abrams*, No. CV-84-4325, 1988 WL 49244, *4 (E.D.N.Y. May 6, 1988) (same).

In the complaint before this Court, there are no allegations that the Rescue Mission is a state actor for purposes of §1983, nor are any facts alleged that would permit this Court to draw such an inference.  Accordingly, this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 5.4(a) of the Local Rules of Practice of this District.

In light of this ruling, the Court need not address plaintiff's application to proceed *in*

*forma pauperis*.

WHEREFORE, it is hereby

ORDERED, that this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 5.4(a) of the Local Rules of Practice of this District, and it is further

ORDERED, that plaintiff's application for leave to proceed *in forma pauperis* is denied as moot, and it is further

ORDERED, that should plaintiff seek to file additional actions or papers with this Court, he must provide the Court with a mailing address where mail can be directed to him, as required by Local Rule 10.1(b)(2), or the Clerk of Court shall reject such papers without processing them, and it is further

ORDERED, that the Clerk serve a copy this Order on Humphrey.

IT IS SO ORDERED.

Dated: July 14, 2005

Norman A. Mordue
U.S. District Judge